UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| V. | § | CIVIL NO.: L-13-70 |
| | § | |
| FIFTY-TWO THOUSAND EIGHT<br>HUNDRED THIRTY-FIVE DOLLARS<br>AND 01/100 ($52,835.01) UNITED STATES<br>CURRENCY,<br>Defendant | §<br>§<br>§<br>§<br>§ | |

## COMPLAINT FOR FORFEITURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, Plaintiff in the above entitled and numbered cause, by and through its United States Attorney for the Southern District of Texas and its Assistant United States Attorney assigned to this matter, and files this Complaint for Forfeiture against FIFTY-TWO THOUSAND EIGHT HUNDRED THIRTY-FIVE DOLLARS AND 01/100THS ($52,835.01), hereinafter Defendant Currency and would respectfully show the Court the following:

I.

Jurisdiction is conferred upon this Court by virtue of Title 28, United States Code, Sections 1345 and 1355.

II.

This Court is a proper venue for this matter pursuant to Title 28, United States Code, Section 1395.

III.

The Defendant Currency is within the jurisdiction of the Court having been seized by the Internal Revenue Service on November 30, 2012 pursuant to a seizure warrant executed upon Bank of America, account number XXXXXX4018 located in Laredo, Texas.

IV.

The Defendant Currency represents funds in a bank account which were property involved in, or traceable to property involved in, structuring to avoid currency reporting requirements in violation of 18 U.S.C. § 5324(a). As such, the Defendant Currency are subject to seizure and forfeiture pursuant to 18 U.S.C. §§ 981(b) and 984 and 31 U.S.C. § 5317(c).

V.

In support of the assertions in paragraph IV., Plaintiff would respectfully show the Court the following:

**A. Statutory Authorization**

1. Title 31, United States Code, section 5313 and 31 C.F.R. 103 of the Bank Secrecy Act (BSA) requires any financial institution that engages with a customer in a currency transaction involving monetary instruments (specifically including a deposit or withdrawal) in excess of $10,000 to report the transaction to the Internal Revenue Service on Department of the Treasury FinCEN Form 104, Currency Transaction Report ("CTR"). These regulations also require that multiple currency transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person or entity and the combined deposit or withdrawal result in currency either received or disbursed by the financial institution totaling more than $10,000 during any one business day. Falcon International Bank is a financial institution as defined in 31U.S.C. 5312(a)(2).

2.Individuals who are aware of the currency reporting requirements and take active steps to attempt to cause a financial institution to fail to file a CTR, are involved in "smurfing" or "structuring" which involves making multiple cash deposits, in amounts no greater than $10,000, to multiple banks and/or branches of the same bank on the same day or consecutive days. Structuring is prohibited by 31 U.S.C. 5324(a)(3).

3.31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of §5313, § 5316, or § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy. It is further provided that the property shall be forfeited in accordance with 18 U.S.C. § 981(a)(1)(A).

4.18 U.S.C. § 984 provides that, in any forfeiture action in rem in which the subject property is funds deposited in an account in a financial institution, the government does not have to identify the funds involved in the offense that is the basis for the forfeiture; it is no defense that those funds have been removed and replaced by other funds; and identical funds found in the same account as the funds involved in the forfeiture offense are subject to forfeiture. In essence, 18 U.S.C. § 984 allows the government to seize for forfeiture identical property found in the same place where the "guilty" property had been kept.

18 U.S.C. § 984, however, does not allow the government to reach back in time for an unlimited period; a forfeiture action-including a seizure-against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than a year from the date of the commission of the underlying structuring offense. In the instant case, structured deposits were made between June 13th through July 5th, 2012.

**B. Summary of Probable Cause**

1.Bank of America, account number XXXXXX4018 is in the name of Global and was

opened in 2004. Felix "Mellado" operates a business that purchases and sells paper. The business, Internacionale De Papel, is located in Mexico. Internacionale De Papel purchases bulk rolls of paper in the United States and imports the bulk rolls of paper into Mexico. Copy paper is then sold to distributors and schools in Mexico. Global Plus Trading, LLC was established to distribute money to bulk paper supplier in the United States. Mellado is the manager of Global Plus Trading and opened up Bank of America business checking account XXXXXX4018 for Global Plus Trading. Mellado is one of three signatories on the bank account.

The typical flow of funds related to Internacionale De Papel, Global Plus Trading, and paper suppliers is as follows: Internacionale De Papel initiates wire transfers from Mexico to Global Plus Trading in the United States. Global Plus Trading then initiates wire transfers from account XXXXXX4018 to paper suppliers in the United States. The paper is shipped to Mexico for processing and ultimate sale.

2. Bank of America records for account XXXXXX4018 were obtained and reviewed by IRS agents for the period of January 2012 through September 2012. Those records reflect that the following currency deposits were made into the target account between June 13, 2012 and July 5, 2012:

| Account Number | Date | Day | Time | Cash Deposit |
|---|---|---|---|---|
| XXXXXX4018 | 6/13/2012 | Wednesday | 1:49 PM | 10,000.00 |
| XXXXXX4018 | 6/14/2012 | Thursday | 1:25 PM | 10,000.00 |
| XXXXXX4018 | 6/15/2012 | Friday | 12:45 PM | 10,000.00 |
| XXXXXX4018 | 6/18/2012 | Monday * | 1:11 PM | 10,000.00 |
| XXXXXX4018 | 6/18/2012 | Monday * | 2:10 PM | 10,000.00 |
| XXXXXX4018 | 6/20/2012 | Wednesday | 3:00 PM | 10,000.00 |
| XXXXXX4018 | 6/25/2012 | Monday * | 9:45 AM | 10,000.00 |
| XXXXXX4018 | 6/25/2012 | Monday * | 4:12 PM | 10,000.00 |
| XXXXXX4018 | 6/26/2012 | Tuesday | 10:04 AM | 10,000.00 |
| XXXXXX4018 | 6/27/2012 | Wednesday | 12:53 PM | 10,000.00 |

| XXXXXX4018 | 6/28/2012 | Thursday | 3:07 PM | 10,000.00 |
| --- | --- | --- | --- | --- |
| XXXXXX4018 | 6/29/2012 | Friday | 3:09 PM | 10,000.00 |
| XXXXXX4018 | 7/2/2012 | Monday | 3:13 PM | 10,000.00 |
| XXXXXX4018 | 7/3/2012 | Tuesday | 1:13 PM | 10,000.00 |
| XXXXXX4018 | 7/5/2012 | Thursday | 4:07 PM | 10,000.00 |
| | | | **TOTAL** | **$150,000.00** |

\* Multiple transactions were conducted on the same day as set forth in paragraph 4 below.

3.  The cash deposits outlined in Paragraph 2 are unusual in that an aggregate amount of $150,000.00 in cash was deposited into the account during the period of June 13, 2012 through July 5, 2012, and no single deposit exceeded $10,000.00, which is the amount that would trigger the filing of a CTR.

4.  During the period of June 13, 2012 through July 15, 2012, Bank of America filed two CTRs on the Global Plus Trading, LLC. The CTRs indicate that multiple cash deposits totaling more than $10,000 were made into the account and the customer/depositor was unaware that the CTRs had been filed by the bank.

5.  Furthermore, there is evidence that FELIX MELLADO is aware of the CTR requirement. On June 11, 2012, prior to the date of the structured transactions listed above, Bank of America, filed a CTR regarding a $46,000.00 single event currency deposit into bank account XXXXXX4018. The CTR contains the identifying information for FELIX MELLADO, the depositor and references MELLADO's passport number. Typically, a bank informs the customer that a CTR is being filed and confirms identification of the depositor for purposes of completion of Section B of the CTR which requires identifying information. This CTR is the final CTR that was filed by Bank of America based upon a single currency transaction. Two days after the deposit on June 11, 2012, the series of $10,000 cash deposits listed above started to be made into the account.

6.  It has further been determined that no Forms 8300, "Report of Cash Payment Over $10,000 Received in a Trade or Business," were filed by Global Plus Trading, LLC. Form 8300 is similar to a CTR because it requires that businesses report receipt of currency greater than $10,000.00 as part of its

trade or business.

7. Individuals often routinely deposit cash that they acquire in the course of their trade, business, or personal ventures, but such deposits do not routinely or repeatedly consist of round numbers that approach, but never exceed, $10,000.00. Instead, such individuals generally and with regularity deposit different cash sums that are not "even" amounts, for example, amounts such as $3,455.12, $5,440.31, or $10,302.80.

Furthermore, when individuals who do not routinely make cash deposits make multiple cash deposits of round sums that are close to, but do not exceed, $10,000.00 over a short period of time, they often are breaking a larger cash sum that exceeds $10,000.00 into separate cash deposits of less than $10,000.01 to avoid triggering the filing of a CTR by a financial institution. In other words, such conduct indicates the structuring of cash deposits to evade reporting requirements. The cash deposits identified herein were always made just under the CTR reporting requirement of $10,000.01 and are indicative of a scheme devised to break down deposits in an effort to avoid having a CTR filed by Bank of America.

8. In summary, structuring is often characterized by the following: (a) making multiple cash deposits; (b) on the same day, on consecutive days, or within a short time span; (c) in round figures; and (d) that do not exceed $10,000.00 individually, but exceed $10,000.00 in total. In this case, the referenced activity of Bank of America account XXXXXX4018 is consistent with this pattern.

VI.

By reason of the foregoing, the Defendant Currency is subject to an Order of Forfeiture to the United States of America.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays as follows:

1. That Notice of Forfeiture issue according to the normal procedure of the court citing all persons having an interest in the Defendant Currency to appear on the return day of said process and make such Claim and Answer as they may have;

2. That a Judgment of Forfeiture be decreed against the Defendant Currency;

3. That following a Judgement of Forfeiture, the Defendant Currency be disposed of

according to law; and

4.　For costs of this action, including costs of seizure, and for such additional relief to which Plaintiff may show itself entitled.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

BY:

　S/Mary Ellen Smyth　　　　
Mary Ellen Smyth
Assistant United States Attorney

## VERIFICATION

I, Bryan Hazel, Special Agent with the Department of Treasury, Internal Revenue Service, declare under penalty of perjury that I am one of the agents responsible for the investigation concerning this litigation. I have read the above Complaint for Forfeiture. Based upon the investigation conducted by myself, other agents of the Internal Revenue Service, and my review of that investigation, the information contained in paragraph V of the Complaint for Forfeiture is true and correct and establishes probable cause to seize and forfeit the Defendant Currency as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 22nd day of April, 2013.

Bryan Hazel, Special Agent
Department of Treasury
Internal Revenue Service
Laredo, Texas

SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the 22nd day of April, 2013.

MEGAN E. GROVE
Notary Public, State of Texas
My Commission Expires
January 14, 2014

My Commission Expires

Notary Public for the State of Texas

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>V.<br><br>FIFTY-TWO THOUSAND EIGHT<br>HUNDRED THIRTY-FIVE DOLLARS<br>AND 01/100 ($52,835.01)UNITED STATES<br>CURRENCY,<br>Defendant | §<br>§<br>§<br>§<br>§ CIVIL NO.: L-13-70<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF FORFEITURE ACTION

Notice is hereby given that an action styled as shown above has been brought by the United States of America, Southern District of Texas, Laredo Division on seeking to forfeit the following:

**FIFTY-TWO THOUSAND EIGHT HUNDRED THIRTY-FIVE
DOLLARS AND 01/100 ($52,835.01) UNITED STATES CURRENCY**

Said property was seized on November 30, 2012 by the Internal Revenue Service in Laredo, Texas.

Anyone claiming an interest in this property and wishing to contest this forfeiture action must file a Claim in the above-referenced case within sixty (60) days of the first day of internet publication at www.forfeiture.gov of this action or if you are being served with actual notice, then within thirty-five (35) days of having been sent actual notice of this action. The Claim must be verified upon oath or solemn affirmation stating your interest in the property by which you claim a right to defend the forfeiture action. You must also file an Answer to the Complaint for Forfeiture within twenty-one (21) days after the filing of your Claim. Copies of both your Claim and Answer must be served upon: The United States of America, c/o U.S. Attorney's Office, Attn: Forfeiting Attorney,1100 Matamoros, Suite 200, Laredo, Texas 78040, and the U.S.

District Clerk, 1300 Victoria St., Laredo, Texas 78040.

                                      KENNETH MAGIDSON
                                      UNITED STATES ATTORNEY
                                      SOUTHERN DISTRICT OF TEXAS

Notice sent: April 23, 2013
Claim due: May 28, 2013